Mr. Justice FIELD,
 

 after stating the ease, delivered the opinion of the court, as follows:
 

 The question presented for our consideration arises upon the refusal of the Circuit Court to give the instruction
 
 *394
 
 prayed; and it is one easily answered. It would have been error to have given the instruction, for it assumes that there was an original valid agreement between the parties that the plaintiffs should deliver to the bank the entire stock of goods when desired. •
 

 In the first place, the record does not disclose that any such agreement was established; it only discloses that the evidence introduced tended to show that, in conversations preliininary to the execution of the mortgage, the bankrupts made a promise to the president of the bank to that effect.
 

 Courts cannot assume, in their instructions to juries, that material facts upon which the parties rely are established, unless they are admitted, or the evidence respecting them is not .controverted. The courts would otherwise encroach upon the appropriate and exclusive province of juries.
 

 In the second place, the supposed agreement, if established, was void as against other creditors of the bankrupts. It did not create any lien upon the property, or entitle the bank to any preference over other creditors in the event of the debtors being afterwards proceeded against under the Bankrupt Act. The subsequent sale, even if made in pursuance of the agreement, did not take effect by relation at its date. Transfers of personal property, situated as in this case, only take effect as against creditors from the delivery of the property to the purchaser.
 

 The stipulation in the chattel-mortgage, providing that in case of default in the payment of the notes or interest, it should be lawful for the cashier of the bank to take possession of the property and sell the same, does not aid the defendants for two reasons, both equally conclusive. 1st; The mortgage was never deposited in the office of the register of deeds of the county where the property was situated or the mortgagors resided, and was therefore void as against ' creditors under the statute of Kansas. 2d; The mortgagors remained' in possession of the goods notwithstanding the mortgage, and by its terms; and the testimony tended to show that they continued to sell the goods, with the assent of the defendants, until the transfer in July, 1867. The
 
 *395
 
 court could not assume the instrument to be valid in the face of this testimony,_ for if the facts were found by the jury which the testimony tended to establish, the mortgage was fraudulent and void as against creditors.
 
 *
 

 Iu any view of the case the instruction prayed was properly refused. Judgment affirmed.
 

 *
 

 Griswold
 
 v.
 
 Sheldon, 4 Comstock, 581; Wood
 
 v.
 
 Lowry, 17 Wendell, 492.