GOODRICH, Assignee, etc. *v.* MICHAEL et al.

3 | 77
8 | 471

1. Under the statute (R. S. 339, § 14), the sale of personal property, unaccompanied by immediate delivery and followed by actual and continued possession, is void as against creditors.

2. An assignee in bankruptcy represents the creditors, and a chattel mortgage void as against creditors under the Territorial statute (R. S. 102, 103) is also void as against the assignee in bankruptcy.

*Error to District Court of Arapahoe County.*

TROVER by an assignee in bankruptcy to recover damages for the conversion of certain chattels. The declaration contained two counts, averring property in the plaintiff as assignee, before and after the bankruptcy, and right of possession; plea of the general issue interposed. The cause was tried at the special December term, 1874, by the court, a jury being waived. The defendants had judgment to reverse which this writ of error was sued out. The facts are sufficiently stated in the opinion.

Messrs. FRANCE & ROGERS, for plaintiff in error.

Messrs. SAYRE, WRIGHT & BUTLER, for defendants in error.

A. W. STONE, J. This was an action brought by the assignee in bankruptcy of J. Fred. Zell, to recover of Michael and Healey, the value of certain property alleged to have been transferred to them in fraud of the provisions of the Bankruptcy Act.

The evidence shows that on the 13th day of February, 1873, J. Fred. Zell, the bankrupt, by his bill of sale of that date, sold to the defendants in error the furniture and fixture in his store in Denver, for the consideration expressed in the bill of sale, of $1,004.02; that on the 31st day of May following, he was adjudged a bankrupt upon the petition of his creditors, filed the 26th day of March, 1873; that

at the time of the sale by Zell to Michael & Co., Zell was indebted to Michael about $550 for money paid by Michael as the surety of Zell, some time in the first part of February, 1873.

Michael, in his testimony before the register in bankruptcy, testified: "I was going away and wanted security from Zell, and he gave me a bill of sale of his fixtures. I got possession of all the property on the day of the date of the bill of sale; they remained there until I sold them. which was some time in June." On the trial of this cause he testified: "I can't tell at what time I took possession of these goods. I *pretended* to have possession of them in February before; Zell did not quit using of them until about June; I sold them a few days after he quit using them; I did not do any thing with the goods during the interval; they still remained in the store; the first thing I did with the goods after Zell quit business was to sell them; I sold them a day or two after he quit business; I took the bill of sale as collateral; I was bound for no particular sum; I took this bill of sale to secure me for the indorsing of that note; when I took the bill of sale, I did not expect to take charge of these goods, or to depend on them to get any pay; Zell estimated the value; I accepted the estimate; I never took an inventory; I paid the note."

It is not pretended by the witness Michael that there was any change of possession of the property. It remained with Zell and was used by him as before the sale, until he quit using them in June, after he was adjudged a bankrupt.

It is shown by Michael's testimony that he took the bill of sale as collateral to secure him for the indorsing of Zell's note, and that he did not expect to take charge of the goods, or to depend on them to get his pay.

The agreement, whether considered as a bill of sale or a mortgage, was void against creditors. If as a mortgage, it did not provide that the property should be left with the

mortgagor, and was not recorded until after proceedings in bankruptcy had been commenced against Zell.

If a bill of sale, it was not accompanied by an immediate delivery, followed by an actual and continued change of possession of the things sold. Rev. Stat. 103, 339.

It did not create any lien upon the property, or entitle the defendant to any preference over other creditors of Zell in the event of his being proceeded against under the Bankrupt Act.

Conceding the validity of the bill of sale as between the parties, it is not valid against creditors. It had no operation against them, until the defendants took possession, and at that time Zell was a bankrupt, and their possession gave them no right as against his creditors. Transfers of personal property, situated as in this case, only takes effect as against creditors from the delivery of the property to the purchaser. *Bank of Leavenworth* v. *Hunt*, 11 Wall. 391; *Allen* v. *Massey*, 17 id. 351; *Harvey* v. *Crans*, 5 Bankrupt Rep. 218.

The assignee represents the creditors, and any claimed lien which would be void as against creditors generally would also be void as against the assignee. *Harvey* v. *Crans*, 5 Bankrupt Rep. 222.

The defendants cannot rely on the bill of sale, because it was void as to creditors. They cannot rely upon possession, because the sale was invalid and because at the time they obtained possession, Zell had been adjudged a bankrupt.

.The judgment is reversed with costs.

*Reversed.*