## THOMAS GOSS *vs.* D. A. COFFIN.

### Androscoggin, 1876.—April 10, 1877.

*Bankruptcy.*

An assignee in bankruptcy, in the absence of fraud, takes only such rights and interests as the bankrupt himself had and could assert, at the time of his bankruptcy.

*Thus :* Where A and B claimed title to the same premises; A, through an earlier and unrecorded conveyance; B, through an assignment in bankruptcy of A's grantor, made after and without knowledge of the conveyance to A; *held*, that A had the better title.

ON EXCEPTIONS.

TRESPASS for taking and carrying away six tons of hay in July, 1874, admitted to be of the value of fifty-five dollars. Writ dated May 21, 1875.

Both parties claim title to the possession of the farm in Bethel, from which the hay was taken, through Daniel M. Goss; the

plaintiff by a life lease, dated March 24, 1859, and reciting that it was "in consideration of a deed of the farm of the same date from Thomas Goss, and that all crops of hay therefrom are at all times the sole property of the said Thomas Goss during his natural life." In consideration of the same deed, Daniel M. Goss gave a bond of the date of the lease, for the maintenance of Thomas Goss.

The defendant claimed directly from Josiah A. Bucknam, who took possession of the farm, as assignee in bankruptcy of Daniel M. Goss, as a part of his effects mentioned in the schedule by him in the proceedings in bankruptcy.

There was evidence showing that Bucknam had no knowledge of the existence of the lease from Daniel M. Goss to Thomas Goss, until after he sold the hay to Coffin, the defendant.

The defendant at the trial contended, as the lease from Daniel M. Goss to Thomas Goss had never been recorded, and the deed from Thomas to Daniel was recorded in the registry, December 20, 1859, and as the record showed the title to be in Daniel, when the petition in bankruptcy was filed against him by his creditors, May 14, 1874, that the lease was not valid against Bucknam, nor against the defendant who purchased the hay of Bucknam. He further contended that the lease was not in fact executed at the time of its date, but was, after the proceedings in bankruptcy, and in fraud of the creditors of Daniel M. Goss.

The presiding justice, among other things, instructed the jury, that if the plaintiff's lease was executed before the bankruptcy of Daniel M. Goss, and was free from fraud, it gave to the plaintiff a better title than that of Bucknam, under whom the defendant claimed, and he was legally entitled to the possession of the farm, and the growing grass, and to recover for the hay in suit ; but if the lease was not executed till after the bankruptcy, or was fraudulent as against the creditors of Goss, Bucknam, his assignee, had a legal right to enter and dispossess the plaintiff, and cut the grass, and the action could not be maintained against the defendant who held under him.

The verdict was for the plaintiff for $55 ; and the defendant alleged exceptions.

*T. B. Swan*, for the defendant.

*David Dunn*, for the plaintiff.

VIRGIN, J. The defendant contended before the jury that the lease was in fact executed after the proceedings in bankruptcy, and in fraud of the creditors of the bankrupt. The presiding justice instructed the jury "that if it were executed after the bankruptcy of the bankrupt, or it were fraudulent as to his creditors, this action could not be maintained ; but if it was executed before the bankruptcy, and was free from fraud, it gave to the plaintiff a better title than that of the assignee under whom the defendant claims, and that he was entitled to the possession of the farm, and to recover for the hay in this suit."

Under these instructions, the jury returned a verdict for the plaintiff, for the value of the hay; and therefore, they must have found that the lease was executed prior to the bankruptcy, and was free from fraud as to the creditors of the bankrupt. With the verdict so far as it is based upon the decision of these facts, the defendant finds no fault, and therefore has filed no motion to set it aside as being against the weight of evidence. He contends, however, that the instructions were erroneous when considered in connection with the two facts, that the lease was not recorded, and that the assignee had no knowledge of its existence, until after the hay was sold to the defendant ; and he urges upon us, in substance, the proposition applicable to an attaching creditor or to a purchaser for a valuable consideration, to wit, that when D. M. Goss was declared a bankrupt and his property assigned, the record shewed the title of the farm to be in the bankrupt ; and the assignee having no knowledge of the existence of the lease, it could not be valid against the assignee by reason of the provisions of R. S., c. 73, § 8.

Assuming that this lease is such an instrument as is mentioned in the statute cited, and that therefore it is not "effectual against any person except the grantor, his heirs and devisees, and persons having actual knowledge thereof, unless recorded," still the proposition of the defendant cannot be sustained ; for by the terms of the statute, the lease would be valid against the grantor, and the assignee in this case stands in the place of the grantor. Or,

in other words, an assignee in bankruptcy takes only such rights and interests as the bankrupt himself had and could assert, at the time of his bankruptcy, except in case of fraud ; and the jury has decided that the case at bar is not within the exception.

Such was the well established doctrine under the bankrupt act of 1841. *Kittredge* v. *McLaughlin*, 33 Maine, 327. *Winsor* v. *McLellan*, 2 Story, 492. And the same doctrine has been sustained under the act of 1867, by Mr. Justice Shepley, in an elaborate opinion in which he decides that a chattel mortgage valid between the parties and not fraudulent under the bankrupt act, is good against the assignee or trustee of the mortgageor in bankruptcy, although not recorded as required by the statute of the state in which it is made. *Ccggeshall* v. *Potter*, 1 Holmes, (U. S. C. C. 1st C.) 75 and cases there cited. In cases where unrecorded mortgages are declared to be fraudulent and void as against creditors, another rule is applicable. *Second Nat. Bank* v. *Hunt*, 11 Wall. 391.

Had the assignee received full title to the farm, he would have been entitled to the crops. But as the lease was valid as against the assignee, he had no right to enter, dispossess the plaintiff, harvest the hay and sell it to defendant ; and by doing so, he became a trespasser. Having himself no title to the hay, he could give none to the defendant. *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH and LIBBEY, JJ., concurred.