J. C. WILLIAMS, *Constable*, v. AMANDA MILLER AND
R. A. SANKEY.

No. 182.

1. MORTGAGEE IN POSSESSION—*of chattels is owner*. A mortgagee in possession is the owner of the personal property described in the mortgage, as against an officer who takes the property under an attachment as the property of the mortgagor; and possession cures any defect which may arise from authorizing the mortgagor to sell the property.

2. ———— *is owner for purpose of replevin*. A person in possession of a chattel mortgage and the notes secured thereby, who has renewed the mortgage, collected a large portion of the notes, and taken possession of the mortgaged property under the mortgage, will be held to be the owner thereof for the purpose of recovering the mortgaged property from an officer who attaches it as the property of the mortgagor.

3. EVIDENCE—*verified pleading in another action incompetent for purpose of impeachment until foundation is laid*. A verified answer in another action cannot be introduced by one party as part of the cross-examination of a witness for the adverse party, to contradict or impeach such witness.

Error from Sedgwick Court of Common Pleas. Hon. Jacob M. Balderston, Judge. Opinion filed July 21, 1897. *Affirmed.*

*J. V. Daugherty*, for plaintiff in error.

*Sankey & Campbell*, for defendants in error.

DENNISON, P. J. This action was for replevin, brought by the defendants in error. Miller and Sankey were mortgagees in possession. At the conclusion of the plaintiff's evidence, a demurrer for the reason that two causes of action were improperly joined, was sustained. By leave of court, the action was dismissed as to Sankey. There was no error in this dismissal. The verdict and judgment were for the defendant in error Miller. The plaintiff in error contends that the court

erred in receiving the chattel mortgage offered in evidence by Mrs. Miller, and argues three reasons for such error : *First,* because the mortgage offered was not relevant to any issue made by the pleadings ; *second,* because the mortgage purported to have been given to Weller and Miller, and there was no assignment of the mortgage to Amanda Miller and no evidence of a transfer to her of the notes secured by the mortgage ; *third,* because the mortgage offered showed upon its face that it was fraudulent as to creditors and void.

The first reason is predicated upon the fact that, while the petition alleges that the plaintiffs below were the absolute owners and entitled to the immediate possession of the property, the mortgage tended to prove a special ownership therein. The third reason is predicated upon the fact that a clause in the mortgage allowed the mortgagor to retain possession, to sell the goods in the ordinary course of trade, and to apply the proceeds to the payment of the note secured and in keeping up the stock.

1. Mortgagee in possession is owner.

These objections are both overcome by the fact that the plaintiffs below had reduced the goods to possession prior to the levy of the attachment. The question of the possession of the goods by the plaintiffs below was made an issue in the pleadings ; each side introduced evidence upon such issue, and the general finding of the jury, having been approved by the court, settled such issue in favor of Mrs. Miller.

The second objection is overcome by the fact that the mortgage which was introduced in evidence had been renewed by Mrs. Miller as assignee, that the notes and mortgage were in her possession and a large portion of them had been paid to her, and that she was in possession of the stock under the mortgage.

2. The same for [purpose of replevin.

The plaintiff in error also contends that the court erred in refusing to permit him to introduce in evidence a verified answer of Mr. Sankey filed by him in another case. There was a dispute between Mr. Sankey and the deputy constable as to whether Mrs. Miller and Mr. Sankey were in possession of the stock on the evening of October 23, when the levy was made. The plaintiff in error sought to introduce the answer in evidence as part of the cross-examination of Sankey, claiming that the facts set forth in the answer did not correspond with the evidence then being given by him. It might have been proper to have interrogated Mr. Sankey as to whether he had not made different statements in the answer from those he was then making, and then have introduced the answer for the purpose of impeaching his testimony ; but it cannot be seriously contended that the plaintiff in error could have introduced the answer as part of the cross-examination of Mr. Sankey.

*3. Evidence incompetent.*

There are other assignments of error argued, but when analyzed upon the theory that Mrs. Miller was in possession of the stock at the time of the levy, it appears that no material error was committed.

The judgment of the Court of Common Pleas is affirmed.