JOHN LEECH V. THE ARKANSAS CITY MANUFACTURING
COMPANY AND W. M. SLEETH.

### No. 474.

CHATTEL MORTGAGES—*Delivery of Possession of Property—De-
fects Cured.*  Delivery of possession under a mortgage, before
rights have been acquired by others, will cure any invalidity there
may be in the instrument arising from an insufficient execution of
it, omission to record it, or from its containing a provision which
makes it void except between the parties.

Error from Cowley district court; A. M. JACKSON,
judge.   Opinion filed February 17, 1899.   Affirmed. ·

*C. T. Atkinson,* for plaintiff in error.

*Jackson & Love,* for defendants in error.

The opinion of the court was delivered by

MILTON, J.: This was an action by John Leech
against W. M. Sleeth, in person, and as the Arkansas
City Manufacturing Company, on a promissory note
for $1000, signed "The Arkansas City Manufacturing
Company, W. M. Sleeth."   An order of attachment
was issued at the commencement of the action, and
certain personal property was seized thereunder.   An
order was entered discharging the same, and the plain-
tiff below now seeks a review of such order.

On and prior to March 30, 1892, W. M. Sleeth and
Peter Pearson were partners in the manufacturing of
furniture under the firm name of the Arkansas City
Manufacturing Company, and on that date Sleeth, for
the firm, executed and delivered to the First National
Bank of Arkansas City, of which Sleeth was then the
president, a chattel mortgage covering the entire prop-
erty of the firm to secure a note of $2500.   Both the
note and mortgage were made payable to H. P. Farrar,

cashier of the said bank. The mortgage was immediately filed for record. It contained a clause to the effect that said mortgage was intended to convey and cover all of the property and machinery and goods manufactured, being manufactured and to be manufactured in, around and about the building known as the Plumer chair factory. On the 6th day of March, 1894, a renewal affidavit was duly filed, in which it was stated that the entire sum secured by the chattel mortgage remained unpaid. After the mortgage was given Pearson withdrew from the firm, and thereafter, on June 15, 1893, Sleeth gave to the plaintiff in error a chattel mortgage to secure the payment of the note sued on herein, which bore date May 8, 1893, and was given for borrowed money. The mortgage to Leech covered ''all manufactured furniture complete and in process of completion, and all the material to be used in the manufacturing of furniture of every kind and character, together with all lumber,'' belonging to the Arkansas City Manufacturing Company.

Leech was not aware that this mortgage had been executed until shortly after it had been filed with the register of deeds. The mortgage to the bank was not referred to in the Leech mortgage. Leech failed to file an affidavit in renewal of his mortgage. He appears to have been informed as to the existence of the mortgage to the bank. In December, 1894, Sleeth surrendered possession of the mortgaged property to the bank, which thereafter placed him in charge of the property as its agent. After the mortgage was given to the bank, Sleeth continued to carry on the business of manufacturing furniture and selling the same in the usual course of trade and also purchased from time to time material for manufacturing purposes. A considerable part of the property levied on

was furniture which had been manufactured long after the mortgage was given. Some of the furniture seized had been manufactured after the bank had taken possession of the mortgaged machinery and other property.

The plaintiff in error contends that the mortgage to the bank is void for the reason that it attempted to mortgage property thereafter to be acquired. This contention is not well taken, under the foregoing facts, since at the date of the levy under the order of attachment the mortgagee was in possession under a voluntary delivery by the mortgagor. This case is ruled by the decision in *Cameron, Hull & Co. v. Marvin*, 26 Kan. 612–628, in which the court, after declaring that, while contracts in respect to property thereafter to be acquired might be valid as contracts, they could not be treated as chattel mortgages, employed the following language:

"Such contracts, however, are always held valid as though they were chattel mortgages, as against third persons who have not in the meantime obtained any specific interest in the property, when the mortgagee has obtained the possession of the property under the contracts. (Citing cases.) When a mortgagee takes possession of the future acquired property under such a stipulation in the mortgage, he then holds the property by way of pledge, but in the same manner as though the mortgage had been executed at the time he takes the possession of the property, and in the same manner as though he had taken the property under and by virtue of a chattel mortgage covering the property."

The court also quotes the following from Jones on Chattel Mortgages, section 178:

"Delivery of possession under a mortgage before rights have been acquired by others will cure any invalidity there may be in the instrument, whether aris-

ing from an insufficient execution of it, omission to record it, or from its containing a provision which makes it void except as between the parties.''

The order discharging the attachment will be affirmed.