### JAMES FREEMAN BROWN CO. v. HARRIS.

(Circuit Court of Appeals, Fourth Circuit. May 26, 1905.)

#### No. 567.

1. FEDERAL COURTS—JURISDICTION—COMITY.

Where a state court having jurisdiction of the administration of an insolvent's estate authorized plaintiff to sue its receiver "in any court of competent jurisdiction" to enforce plaintiff's contract and to settle and determine the rights of the parties thereunder, the necessary jurisdictional facts appearing to entitle plaintiff to sue in a federal court, such court was not prevented by comity from assuming jurisdiction.

2. SAME—JUDGMENT—FORM—SCOPE AND OPERATION.

Where, in replevin against a receiver tried by a federal court without a jury, the trial judge filed a memorandum declining to decide the case on its merits, on the ground of comity, but entered a finding for the defendant, and rendered judgment that defendant recover of plaintiff the possession of the property described in the complaint, or, in case a delivery could not be made, its value together with damages, such value and the amount of damages to be thereafter adjudicated and ascertained, such judgment was in form a judgment on the merits, which was res adjudicata against plaintiff's claim, and was therefore error.

McDowell, District Judge, dissenting.

In Error to the Circuit Court of the United States for the District of South Carolina, at Charleston.

C. P. Sanders and William A. Barber, for plaintiff in error.

William M. Jones, for defendant in error.

Before PRITCHARD, Circuit Judge, and BOYD and Mc-DOWELL, District Judges.

BOYD, District Judge. Prior to the month of August, 1901, the Morgan Iron Works, a creditor of Fairmont Mills, which latter is a corporation under the laws of the state of South Carolina, and doing business as a manufacturer of cotton in said state, brought a creditors' bill of complaint against the said mills, in the court of common pleas of Spartanburg county, and, upon due proceedings had in the said court, L. Guy Harris was, on the 31st day of May, 1901, duly appointed receiver for the property and business of the said mills, and invested with all rights and powers as receiver, according to law. The said receiver qualified and took possession of the property of the mills, and, among other effects, of 189 bales of sheeting, which are the subject of litigation in the present suit. Thereafter the James Freeman Brown Company, a corporation duly chartered and organized under the laws of New York, and resident in the city of New York, intervened by petition in the court of common pleas of Spartanburg county, in the said suit of the Morgan Iron Works against Fairmont Mills, and on the 22d of July, 1901, the following order was made and filed by the judge of the said court:

"South Carolina, Spartanburg County, Common Pleas.

"Ex parte James Freeman Brown Company, Petr. In re Morgan Iron Works, Plaintiff, against Fairmont Mills, Defendant.

"On hearing the petition of the petitioner above named, wherein it appears that he has a cause of action against the Fairmont Mills arising out of a contract entered into with said mills prior to the appointment of a receiver, and that said receiver refuses to recognize said contract, or to carry out its terms, and that it is necessary to have the rights of the parties settled by the court: On motion of Duncan and Sanders, attorneys for petitioners, ordered that the petitioners above named have leave to bring suit in any court of competent jurisdiction against the receiver of said mills to enforce its said contract, and to settle and determine the rights of the parties thereunder.

"[Signed] D. A. Townsend, Judge 7th Judicial Circuit."

"July 22, 1901."

Afterwards, to wit, on the 6th day of August, 1901, the said James Freeman Brown Company brought its action in the Circuit Court of the United States for the district of South Carolina against L. Guy Harris, as receiver of Fairmont Mills. In this action the plaintiff filed a complaint, alleging that it was a corporation chartered under the laws of New York, and was residing and doing business in the city of New York, and that the defendant, L. Guy Harris, was a citizen and resident of the state of South Carolina, and was receiver of Fairmont Mills, which was a corporation organized under the laws of South Carolina and a citizen of said state. In the complaint the plaintiff further alleged that by virtue

of certain contracts with Fairmont Mills, and assignments of invoices made to plaintiff by said mills, the plaintiff was the sole owner and entitled to the immediate possession of 189 bales of sheeting of the total value of $10,950, which said 189 bales of sheeting were in the possession of the defendant, L. Guy Harris, as receiver, and which he refused, upon demand, to deliver to the plaintiff. At the commencement of the action the plaintiff, in accordance with the provisions of the South Carolina statute relating to proceedings in claim and delivery of personal property, filed an undertaking in the sum of $21,900, conditioned as required by law, for the purpose of having the property sued for taken from the possession of the defendant and delivered to plaintiff. The summons and other process in the action were duly executed upon the defendant, the undertaking approved, and the property taken from the defendant and delivered to the plaintiff. In the regular course of the cause the defendant appeared and answered the complaint of the plaintiff, in which he denied plaintiff's title to the 189 bales of sheeting or any part thereof, or that the same were wrongfully in his possession. The defendant further averred that the property was worth $12,000, and demanded judgment that plaintiff's complaint be dismissed, and that he have judgment for the return of the property, or for $12,000, the value thereof, together with $8,000 damages for the wrongful seizure and detention of the same, and so forth. In July, 1904, the cause came on for trial at an adjourned term of the Circuit Court at Charleston, S. C. The parties to the action waived a trial by jury, and submitted the case to the presiding judge upon an agreed statement of facts, which was filed in writing. The following finding was made by the judge, and entered of record under the head of trial of cause and verdict:

"At a stated term of the Circuit Court begun and holden at Greenville, S. C., and adjourned to Charleston, S. C., on the 19th day of July, A. D., 1904, this case came up for trial before the court, a jury having been waived. The pleadings were read to the court, and after argument of counsel for plaintiff and defendant the court entered the following verdict:

" 'This case, by agreement in writing, was heard by the court without a jury upon a written statement of facts.

" 'I find for the defendant, and award damages to an amount to be hereafter ascertained upon an accounting.' "

And thereupon this judgment was entered in the case:

"James Freeman Brown Company, a Citizen of the State of New York, Plaintiff, against L. Guy Harris, as Receiver of Fairmont Mills, a Citizen of the State of South Carolina, Defendant.

"This action having been brought to a trial at a Circuit Court held on the nineteenth day of July, A. D. 1904, and a verdict for the defendant having been rendered therein by the court, and the costs having been adjudged at forty-five and 10-100 dollars: Now, on motion of Nicholls and Jones, attorneys for said defendants, it is adjudged that the defendant recover of the plaintiff the possession of the personal property described in the complaint, or, in case a delivery of said property cannot be had, its value, together with damages, the value and the amount of damages to be hereafter adjudicated and ascertained."

Under the rule of practice the parties to a suit can waive trial by jury, and in such instance the presiding judge assumes the province

of the jury, and decides both the facts and the law of the case. The judge in the Circuit Court, when this case was submitted to him upon the agreed statement of facts, filed his finding in these words: "I find for the defendant, and award damages to an amount to be hereafter ascertained upon an accounting;" and the judgment recited above was entered. This proceeding and judgment, we think, amounts to a final adjudication on the merits of the controversy, except as to inquiry for the ascertainment of the damages which defendant is entitled to recover of the plaintiff. But it is evident that the presiding judge did not intend, by the action which was taken, to dispose of the case on its merits, but to decline so to do on the ground that he was forbidden to entertain the action at all by the comity due to the state court, which had appointed the receiver; for, in a memorandum filed at the term and made a part of the record, he says:

"It may be that upon the hearing the plaintiff may be able to assert an undoubted right to possession of the goods. The case before me does not enable me to form any opinion on that point. All that I decide, and all that I can decide, is that the goods having been left in possession of the Fairmont Mills, in circumstances which have given rise to claims adverse to the plaintiff, and having come into the hands of a receiver of a court of competent jurisdiction, who holds for the benefit of all concerned, and it appearing that such adverse claimants are proceeding to assert their rights in the state court, this court, from consideration of comity, ought not to interfere with such possession. The parties claiming adversely are not before it, and, without hearing them, it is impossible to say that the plaintiff has an unquestionable right to possession."

We fully appreciate the desire of the learned judge at the trial in this case to observe the comity which exists between the federal and state courts, and which should, at all times, be carefully guarded; but, with due deference to him, we are of opinion that, after the state court (in which the original case was pending) had signed an order authorizing the plaintiff to bring suit to enforce whatever right he claimed to the property in question against the receiver, "in any court of competent jurisdiction," it was no invasion of the rule of comity to bring the action in the Circuit Court of the United States, since it fully appears by the pleadings that jurisdictional requirements, both as to parties and value of property in controversy, exist. The receiver against whom the suit was brought represented the interest of Fairmont Mills and its creditors. He denied the title of the plaintiff to the property sued for, and thus put in issue the latter's right to recover it. The pleadings show that the receiver was undertaking to defeat the plaintiff's recovery, and to hold the property as a part of the estate of Fairmont Mills, to be administered for its benefit and that of its creditors. If there were other parties claiming an interest in the property in suit, it was their privilege, if they saw proper, to intervene in this action and assert their right, but none such appeared.

In Porter v. Sabin, 149 U. S. 479, 13 Sup. Ct. 1010, 37 L. Ed. 815, the court says:

"When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the

estate; the possession of the receiver is the possession of the court; and the court itself holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be[6] entitled to it." (A number of authorities are cited in support of this position.) "It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjudge and settle them without suit, as, in its judgment, may be most beneficial to those interested in the estate. Any claim against the receiver or the corporation the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself to determine of; and no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him."

Cited Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Texas & Pacific Ry. Company v. Cox, 145 U. S. 593, 601, 12 Sup. Ct. 905, 36 L. Ed. 829.

The proceeding in the state court, by the creditors of Fairmont Mills, was a bill in equity. The claim of the plaintiff in the present case, as appears by the pleadings, and after the receiver had refused to deliver possession of the goods sought to be recovered, involves disputed facts, and the court in which the equity cause was pending had the right, either on its own motion or the prayer of the plaintiff, to allow suit to be brought against the receiver in a court of law, in order that such facts might be there tried and determined. See Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672.

The finding of the court, and the judgment entered thereon, seem to us to conclude the plaintiff, and leave it without further remedy. In another suit for the same cause of action, upon the plea of res adjudicata, the record in this case would be a bar to a recovery. We think that the order of the state court was ample to authorize the plaintiff to bring suit against the receiver in any forum, either state or national, having jurisdiction, for its terms are that the petitioner have leave to bring suit "in any court of competent jurisdiction against the receiver of said mills, to enforce its said contract and to settle and determine the rights of the parties thereunder," and we do not agree with the contention of the defendant that this meant only that the scope of the suit should be limited to a construction of the contract. The authority was to determine the rights of the parties under the contract. The right that plaintiff claimed was the ownership of the property, and this was the issue raised by the pleadings. The plaintiff and defendant submitted an agreed statement of facts in this case, upon which the presiding judge should have rendered a decision; but instead of determining the case upon a consideration of its merits, he proceeded upon an erroneous idea of comity, and still entered a judgment which is, in our opinion, final and conclusive. If the comity of jurisdiction forbade the entertainment of the action by the Circuit Court, the the same should have been dismissed without prejudice, thus leaving the plaintiff to pursue his remedy before some other proper tribunal. But it is clear to us that the plaintiff had full authority under the terms of the order of the state court (it appearing that the necessary jurisdictional requirements existed) to bring suit in the Circuit

Court for the possession of the property described, and that, upon the trial, the case should have been determined on its merits.

The plaintiff's counsel excepted to the ruling of the trial judge on the question of comity and to the finding and judgment entered. This exception, we think, should be sustained.

Such being our conclusion, the judgment of the Circuit Court is reversed, and the case remanded to the said court to the end that proceedings in harmony with this decision may be had.

Reversed.

McDOWELL, District Judge (dissenting).   I am unable to concur in the conclusion of the majority of the court.

As to 169 of the bales:   Under the pleadings and agreed facts, the contract under which plaintiff in error claimed the right of possession is void, under section 2655 of the Civil Code of 1902 of South Carolina for want of registry, as to some of the creditors represented by the receiver.   This defense is one that was properly made by the receiver.   Bayne v. Brewer, 90 Fed. 754; 3 Cook, Corp. (5th Ed.) § 869, and notes; 20 Amer. & Eng. Ency. (1st Ed.) pp. 252–3. This fact clearly made it the duty of the trial court to decide that the plaintiff in error, plaintiff below, did not have the right to the possession of 169 of the bales sued for, or to remit the controversy to the court which appointed the receiver.

As to the remaining 20 bales:   If the contract as to these bales was not shown by the agreed facts to be void for want of registry— and such is my conclusion—still the facts in evidence showed a probable, and certainly possible, right in the receiver to the proceeds of sale of the 20 bales over and above the bank debt assigned to plaintiff in error secured by pledge of these bales.   A strict legal right of possession in plaintiff in error may have been shown.   Yet both comity and the duty of avoiding injustice required that the trial court should not take advantage of the ex parte order of the court which appointed the receiver, but should in effect remit the controversy to the court which could protect the rights of every one concerned.

The order entered by the trial court accomplishes this result, and it cannot estop plaintiff in error from asserting in the court of the receivership every substantial right to which it is entitled.   The rights of plaintiff in error as a creditor of the mill company having unsatisfied money demands, and its rights as to priority of payment out of the proceeds of sale of any of the sheeting in question, have not been adjudicated.   On the face of the judgment, nothing was adjudicated except the mere right of possession.