## MATTLEY v. WOLFE.

(District Court, D. Nebraska, Lincoln Division. September 28, 1909.)

### No. 2.

**1.** BANKRUPTCY (§ 184*)—CLAIMS—LIENS—WHAT LAW GOVERNS.

Under Bankr. Act July 1, 1898, c. 541, § 67a. 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), declaring that claims which, for want of record or other reasons, would not have been valid liens as against claims of creditors, shall not be liens against the bankrupt's estate, whether a lien is valid and enforceable in bankruptcy depends on the law of the state.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

**2.** BANKRUPTCY (§ 184*)—CHATTEL MORTGAGES—AGREEMENT TO WITHHOLD FROM RECORD—FRAUD—RIGHTS OF CREDITORS.

Under the Nebraska law, a chattel mortgage withheld from record under an agreement with the bankrupt to preserve his credit is fraudulent and void only as to such creditors as have been misled by the keeping of the mortgage from record, and who in the meantime have extended credit to the bankrupt on the faith of his ownership of the property mortgaged.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

**3.** BANKRUPTCY (§ 184*)—LIENS—CHATTEL MORTGAGES—SALES—FRAUD—"CREDITORS."

Where chattel mortgages were kept off the record until just before one of the mortgagees took possession, claimants, who had not secured a lien on the property before the mortgagee took possession, were not "creditors," entitled to have the mortgage set aside as fraudulent, because the mortgagor, after executing the mortgage, was permitted to retain possession and make sales from the mortgaged stock in the ordinary course of business without accounting to the mortgagees, who were aware of the sales, for the proceeds.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1727 ; vol. 8, pp. 7622, 7623.]

**4.** BANKRUPTCY (§ 185*)—CHATTEL MORTGAGES—VACATION BY TRUSTEE.

Where a chattel mortgage on a bankrupt's personalty was not fraudulent as to the bankrupt, and there were no creditors in a position to set the same aside, the bankrupt's trustee could not attack the right of the mortgagee in possession at the time of the adjudication on the ground that the mortgage was fraudulent.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 185.*]

**5.** BANKRUPTCY (§ 184*)—MORTGAGES—PREFERENCE.

Since, under the Nebraska law, a chattel mortgage is not required to be recorded as against creditors having no lien prior to the taking possession of the mortgaged property by the mortgagee, even though there is an agreement that the mortgagor may remain in possession and continue to sell in the usual course of business, a chattel mortgage so withheld from record, having been executed for a present consideration more than four months before bankruptcy, did not create a preference as against general creditors who were not entitled to set it aside for fraud.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 184.*]

**6.** BANKRUPTCY (§ 303*) — CHATTEL MORTGAGES — SUBSEQUENTLY ACQUIRED PROPERTY—BURDEN OF PROOF.

Where a bankrupt's trustee claimed that a chattel mortgagee was not entitled to property of the bankrupt acquired subsequent to the execution of the mortgage, the burden was on the trustee to show what property, if

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

any, of that seized and sold by the mortgagee, was acquired after the execution of the mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 303.*]

Action by Herman N. Mattley, trustee in bankruptcy of Walter E. Parker, against Joseph W. Wolfe. Decree for defendant.

R. S. Mockett and John S. Bishop, for plaintiff.
T. J. Doyle and E. J. Murfin, for defendant.

T. C. MUNGER, District Judge. Walter E. Parker, the bankrupt, was in business in Lincoln, Neb., and his creditors were pressing him for payment of their claims. He borrowed $600 of a money loaner, giving his promissory note therefor, due in six months. He procured the signature of Wolfe as a surety on this note, and gave to Wolfe a chattel mortgage upon his stock of goods and fixtures, conditioned that if Parker should pay Wolfe his note, which was described by its date and the date of its maturity, the mortgage should be void. A renewal note was given to the money loaner about the date of the maturity of the first note, and Wolfe again signed this note as surety. Wolfe took possession of the bankrupt's stock and fixtures two days before Parker filed a petition in voluntary bankruptcy, and three days before his adjudication. Wolfe claimed to take possession under the mortgage which was executed to him, and thereafter sold the property of the bankrupt, claiming to do so under his own mortgage and a mortgage given to McWhinney, hereinafter described, and applied the proceeds to the sum claimed due upon the mortgages. The trustee in this case seeks to recover from Wolfe, for the benefit of the bankrupt's estate, the value of the mortgaged property. The mortgage given to Wolfe purports to secure the payment to Wolfe of but one item of indebtedness, which is described as a note for $660, dated July 13, 1906, and due on the same day. There is no proof that any such note was ever given, but it is admitted by the pleadings that the mortgage was given to indemnify Wolfe against his suretyship upon this note. This mortgage was not recorded for over eight months after it was given, and this was pursuant to an agreement that, because it would injure the mortgagor's credit, the mortgage was not to be filed unless the mortgagor was about to get into difficulty with his creditors, in which case the mortgagor was to notify Wolfe, so that he might file his mortgage.

About seven months before his adjudication as a bankrupt, Parker had also given a chattel mortgage to one McWhinney on his stock of goods and fixtures to secure a note given by him for money loaned to him by McWhinney. This mortgage was withheld from record pursuant to a similar agreement between the mortgagor and mortgagee that, because it would injure Parker's credit, the mortgage was not to be filed except in case some creditor threatened trouble. The note and mortgage were twice renewed, and substantially the same understanding was had between the mortgagor and mortgagee with reference to the filing of these renewal mortgages. By section 67a of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]):

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

The validity of the claim which is thus to be tested is determined by the law of this state. Collier on Bankruptcy (7th Ed.) 762; Loveland on Bankruptcy, § 197c; Dodge v. Norlin, 133 Fed. 363–370, 66 C. C. A. 425.

Such an agreement between the mortgagor and mortgagee, under the decisions of the Supreme Court of Nebraska, renders the mortgage fraudulent as to certain creditors. Those creditors who can avoid the mortgage as fraudulent are those who have been misled by the keeping of the mortgage from record, and during the interim between its execution and recording have extended credit to the mortgagor on the faith that the mortgagor was the owner of such property. Ackerman v. Ackerman, 50 Neb. 54, 69 N. W. 388; Tolerton v. Bank, 63 Neb. 674, 88 N. W. 865; Godfrey v. Bank, 64 Neb. 477, 90 N. W. 239; Carpenter Paper Co. v. News Publishing Co., 63 Neb. 59, 87 N. W. 1050; 6 Cyc. 1071. There is no proof in this case that any creditors extended credit to Parker during the time the mortgages were withheld from record or in the belief that he was the owner of the property mortgaged. The record shows that an offer was made of the bankrupt's schedule of indebtedness; but if the schedule is competent evidence, as against the mortgagee, of a statement made therein by the bankrupt as to the date when the debts listed therein were contracted (Remington on Bankruptcy, § 1747), yet the proof is lacking that credit was extended on the faith that the bankrupt was the owner of this property.

The last mortgage to McWhinney was executed March 5, 1907, and was filed for record on April 3, 1907, the latter being the day when Wolfe had taken possession under his own mortgage. About 10 days afterwards Wolfe purchased the note and mortgage of McWhinney. The evidence shows that Wolfe's mortgage was not recorded prior to his taking possession of the stock of Parker, and that McWhinney's mortgage was recorded but a half hour before Wolfe took such possession. It is also shown that Parker continued after the execution of these mortgages to make sales of his stock of goods in the usual course of business, without accounting to the mortgagee for any of the proceeds of the sales, and that Wolfe was aware of these sales. The circumstances are convincing that these sales were made pursuant to an understanding between the mortgagor and the mortgagees that the mortgagor should be at liberty to make such sales.

It is a well-settled rule in this state that where, either by the terms of the mortgage or by the cotemporaneous understanding with the mortgagee, the mortgagor is permitted to sell the mortgaged goods in the ordinary course of trade for his own benefit, the mortgage is fraudulent and void as to certain creditors. Tallon v. Ellison, 3 Neb. 63–76; Hedman v. Anderson, 6 Neb. 393–399; Gregory v. Whedon, 8 Neb. 373–377, 1 N. W. 309; Sherwin v. Gaghagen, 39 Neb. 238, 57

N. W. 1005; Paxton & Gallagher v. Smith, 41 Neb. 56–59, 59 N. W. 690; Houck v. Linn, 48 Neb. 229–231, 66 N. W. 1103; Buckstaff Bros. v. Snyder, 54 Neb. 538–539, 74 N. W. 863; Black v. Fuller, 4 Neb. (Unof.) 303, 93 N. W. 1010; Brinker v. Ashenfelter, 1 Neb. (Unof.) 793, 95 N. W. 1124. Under a similar rule of law in force in the state of Colorado, the Court of Appeals of this circuit have held that the trustee is entitled to avoid such a mortgage as fraudulent as to creditors. Dodge v. Norlin, 133 Fed. 363, 66 C. C. A. 425. See Egan State Bank v. Rice, 119 Fed. 107, 56 C. C. A. 157; Bank of Leavenworth v. Hunt, 11 Wall. 391–394, 20 L. Ed. 190.

Who are "creditors" of the class that may attack such mortgage, because it was so withheld from record pursuant to such an understanding? Jones on Chattel Mortgages (5th Ed.) § 178, states the rule as follows:

"If a mortgagee take possession of the mortgaged chattels before any other right or lien attaches, his title under the mortgage is good against everybody, if it was previously valid between the parties, although it be not acknowledged and recorded, or the record be ineffectual by reason of any irregularity. The subsequent delivery cures all such defects; and it also cures any defect there may be through an insufficient description of the property. The taking of possession is an identification and appropriation of the specific property to the mortgage. * * * Delivery of possession under a mortgage, before rights have been acquired by others, will cure any invalidity there may be in the instrument, whether arising from an insufficient description of the property, an insufficient execution of the instrument, the omission to record it, or from its containing a provision which makes it void except as between the parties, as, for instance, an agreement that the mortgagor may retain possession and sell a stock of goods in the usual course of trade. The presumption of fraud which the statute raises against a mortgagee who fails to take immediate possession of the things mortgaged is not available to one who attaches the property after the mortgagee has taken possession. * * *"

The doctrine thus stated is supported by many decisions of other states. Cameron v. Marvin, 26 Kan. 612; Leech v. Arkansas City Mfg. Co., 8 Kan. App. 621, 56 Pac. 134; Williams v. Miller, 6 Kan. App. 626, 49 Pac. 703; Little Co. v. Burnham, 5 Okl. 283, 49 Pac. 66. In the case of Kay v. Noll, 20 Neb. 380–389, 30 N. W. 269, 273, the court says:

"While it has been often held by this court, and is doubtless the law, that in case of a mortgage of merchandise with a stipulation contained in the mortgage (and perhaps equally so where the stipulation is contained in a contemporaneous or subsequent agreement) to the effect that the mortgagor may continue to sell the goods on his own account, or in the usual course of business, such mortgage will be held fraudulent and void as between the mortgagee and such creditors as may seize such goods by virtue of attachment or execution while they remain in the possession of the mortgagor, or before the mortgagee has reduced them to possession under his mortgage, yet I think it about equally clear, if not so well settled by authority, that after the mortgagee has reduced the goods to possession for the purpose of foreclosing the mortgage in conformity to its stipulations his lien will take precedence of those of creditors whose attachments or executions are thereafter levied, notwithstanding the existence of a stipulation such as above referred to or the fact that it has been acted upon by the mortgagor."

The same rule is announced in Sherwin v. Gaghagen, 39 Neb. 238, 57 N. W. 1005, and in Forrester v. Bank, 49 Neb. 655–658, 68 N. W. 1059. By these decisions the Supreme Court of Nebraska has declared

that only those creditors who have fastened a lien upon the property before the mortgagee takes possession under such a mortgage, are entitled to set it aside as fraudulent. The trustee in bankruptcy steps into the shoes of the bankrupt, and, as the bankrupt could not have thus attacked the mortgagee in possession at the time of the adjudication in bankruptcy, the trustee may not do so. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782.

It is contended that the mortgages must be regarded as preferences, under the rule laid down in McElvain v. Hardesty, 169 Fed. 31–35, 94 C. C. A. 399, and First Nat. Bank v. Connett, 142 Fed. 33–35, 73 C. C. A. 219, 5 L. R. A. (N. S.) 148. The cases cited are founded on the construction of the law relating to mortgages, as determined by the courts of Missouri. The rule in Nebraska, as determined by the Supreme Court, differs from the holding in Missouri. As has been shown, a mortgage is not here required to be recorded, within section 60a of the bankruptcy act, as against creditors having no lien prior to the taking possession of the mortgaged property by the mortgagee, even though there is an agreement that the mortgagor may remain in possession and continue to sell in the usual course of business. Therefore, such a mortgage, if given for a present consideration, speaks from its date, and not from the date of its record. The Court of Appeals of this circuit determined the question in the case of In re Great Western Mfg. Co., 152 Fed. 123–125, 81 C. C. A. 341, 343. A conditional sale contract, given, but not recorded, more than four months before the bankruptcy, was declared to be no preference as against general creditors. It was said:

"Agreements of this nature, which are not filed or recorded in the proper public office, are voidable by purchasers, attaching creditors, and judgment creditors only, under the statutes of Nebraska (Comp. St. Neb. 1901, c. 32, § 26; Campbell Printing, etc., Co. v. Dyer, 46 Neb. 830, 836, 65 N. W. 904; McCormick Harvesting Machine Co. v. Callen, 48 Neb. 849, 67 N. W. 863), and there was none of either class when the petition in bankruptcy was filed in this case. The contract was therefore valid and enforceable against the bankrupt and against his ordinary creditors, and hence against the trustee; for he had no better right or title to the property than they, and he suffered no prejudice from the order of the court (Hewit v. Berlin Machine Works, 194 U. S. 296, 297, 303, 24 Sup. Ct. 690, 48 L. Ed. 986; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782)."

Each of these mortgages was given for a present and fair consideration accruing to the bankrupt's estate, and the renewals merely substituted securities and in no wise diminished the bankrupt's estate, and for this reason the mortgages were not preferences. Chattanooga Nat. Bank v. Rome Iron Co. (C. C.) 102 Fed. 755; Deland v. Miller & Chaney Bank, 119 Iowa, 368, 93 N. W. 304.

The trustee claims that by the terms of the mortgage the defendant was not entitled to the property of the bankrupt which was acquired subsequently to the execution of the mortgage. Whether or not this is the rule, in this case there is no proof what property, if any, of that seized and sold by the defendant, was acquired after the execution of the McWhinney mortgage. The trustee, as the plaintiff herein, had the burden of showing this fact.

For these reasons the defendant is entitled to a decree. Defendant may prepare decree in accordance with the foregoing, and submit it to the opposite party for approval as to form.