TUTTLE (GOODALL v.). See Case No. 5,-533.

TUTTLE (ROBINSON v.). See Case No. 11,-968.

TUTTLE (SMITH v.). See Case No. 13,120.

## Case No. 14,277.

### TUTTLE v. TRUAX.

[1 N. B. R. 601 (Quarto, 169).] [1]

District Court, D. Minnesota. 1868.

BANKRUPTCY—MORTGAGE—ILLEGAL PREFERENCE—PRE-EXISTING DEBT.

Where a creditor, knowing of the embarrassment of his debtor, takes a mortgage to secure a preëxisting debt, and also a credit given at the time of the execution of the mortgage, the mortgage, being void in part as to the preëxisting debt, must be held to be void as to the whole.

[Cited in Scammon v. Cole, Case No. 12,433; Rison v. Knapp, Id. 11,861; Walbrun v. Babbitt, 16 Wall. (83 U. S.) 581.]

[Cited in Cook v. Whipple, 55 N. Y. 156.]

[This was a proceeding in bankruptcy by C. D. Tuttle against D. W. Truax, as assignee.]

NELSON, District Judge. The main point involved in this case is, did the mortgagee have reasonable cause to believe the debtor insolvent at the time the mortgage was executed? The insolvency of the debtor is, in our opinion, clearly established by the evidence. Two witnesses have been examined; the petitioner, in his own behalf, and the bankrupt, on behalf of the respondent. The circumstances attending this transaction are as follows: Some time in November, the debtor was negotiating a contract with Messrs. Gould & Little, for the latter to go into the pineries and get logs for him, to be delivered the following spring, and to consummate the contract, it became necessary for him to make provision to furnish them, as they might want, $1,500 worth of supplies. Petitioner was dealing in the kind of supplies they wanted, and the debtor applied to him for them, stating for whom, and for what, they were wanted, and that he wanted to get them on a credit of eight months. The petitioner was willing to accommodate him, but demanded security; and a chattel mortgage, upon the logs and lumber the debtor then had at his mill, was finally agreed upon as the security. The debtor at that time was owing petitioner a balance on book account

[1] [Reprinted by permission.]

of about $1,000; and petitioner insisted that the note and mortgage should be made to include and cover this also, and he assented. The petitioner at this time knew that there was a prior mortgage upon the same property he took as security; also that the mill was mortgaged, and that the debtor was unable to pay his employees at the mill; although he now claims that only within two days after the execution of the mortgage, he first learned the condition of the debtor. He heard he was threatened with proceedings in bankruptcy, and on finding that the lumber embraced in his mortgage was being hauled away from the yard, he took possession of the property. The 35th section of the bankrupt act [of 1867 (14 Stat. 534)], relating to fraudulent transfers, &c., declares that "if such a transfer or conveyance is not made in the usual and ordinary course of business of the debtor, the fact shall be primâ facie evidence of fraud." While we may concede that the bankrupt, being largely engaged in the manufacture of lumber, was necessarily compelled in the course of his business to borrow money by mortgage of his property, we think the evidence brings this case within the purview of the 35th section. This conveyance was given to secure a pre-existing debt admittedly incurred outside of his ordinary business. This fact, therefore, was primâ facie, and if uncontrolled, sufficient evidence to establish reasonable knowledge on the part of the mortgagee of the debtor's insolvency. 2 Allen, 20, 491. He was put upon inquiry, and should have taken steps to ascertain the condition of the debtor, or at least his general reputation as to solvency in the place where he resided. 4 Gray, 111, 574. He has made no effort to rebut this presumption of fraud, and the mortgage, being void in part as to the pre-existing debt, is void as to the whole. 2 Cush. 160; [Shawhan v. Wherritt] 7 How. [48 U. S.] 627; In re Black [Case No. 1,457]. Prayer of petition denied.