[No. 11097.   Department One. — June 15, 1888.],

## CARL H. BERNHEIM, APPELLANT, v. J. F. CHRISTAL ET AL., RESPONDENTS.

76   567
96   260
76   567
110   182
76   567
:111   438
76   567
126   639

INSOLVENCY — CONFESSION OF JUDGMENT — PREFERENCE OF CREDITOR. — The confession of judgment by an insolvent debtor will not alone sustain a suit by the assignee of the insolvent debtor to set aside a lien acquired under execution upon the judgment, if the creditor did not know of the insolvency, or of the existence of other claims against the debtor, and had no design to secure a preference over other creditors.

ID. — TRANSFER OUT OF COURSE OF BUSINESS — FRAUD. — A transfer by an insolvent debtor not made in the usual and ordinary course of business is only *prima facie* evidence of fraud, and may be overcome by proof that the creditor acted in good faith, without knowledge of the insolvency, and without intent to secure a preference over other creditors.

NEW TRIAL — CONFLICTING EVIDENCE. — An order granting a new trial will be affirmed when the evidence is conflicting.

APPEAL from an order of the Superior Court of Santa Cruz County granting a new trial.

The facts are stated in the opinion of the court.

*J. M. Lesser,* and *Naphtaly, Freidenrich & Ackerman,* for Appellant.

*Charles B. Younger,* for Respondents.

PATERSON, J.—This is an action brought by the plaintiff as assignee of one O'Donnell to set aside a lien by judgment and execution claimed to have been obtained contrary to the provisions of the insolvent act of 1880.

In 1882 O'Donnell borrowed one thousand dollars from Christal, and gave a note therefor, payable in ninety days. On the 3d of March, 1883, Christal commenced an action on the note, and on the same day O'Donnell filed a verified answer admitting each and every allegation of the complaint, and consenting to a judgment against himself as prayed for. On the same day judgment was entered, execution issued and placed in the hands of the sheriff, and a levy made on the merchandise of O'Donnell. Immediately thereafter, involuntary proceedings in insolvency were instituted by the San Francisco creditors of O'Donnell, and thereafter an order was made declaring said O'Donnell to be an insolvent debtor.

Section 55 of the insolvent act reads as follows: "If any person being insolvent, or in contemplation of insolvency, within one month before the filing of a petition by or against him, with a view to give a preference to any creditor or person having a claim against him, . . . . procures any part of his property to be . . . . seized on execution, . . . . the person . . . . to be benefited . . . . by such seizure, having reasonable cause to believe that such person is insolvent, and that such . . . . seizure . . . . is made with a view to prevent his property from coming to his assignee in insolvency, or to prevent the same from being distributed ratably among his creditors, or to defeat the object of, or in any way hinder, impede, or delay the operation of, or to evade any of provisions of this act, such transfer, payment, conveyance, pledge, or assignment is void." The fact that a transfer is not made in the usual and ordinary course of business is only *prima facie* evidence of fraud. (Insolvent Act of 1880, sec. 55.) The evidence shows that Christal had made sev-

eral demands upon O'Donnell for payment of the money after it became due, and before he commenced his action. The defendant testified that he did not know that O'Donnell was insolvent, or that he owed any one except himself; that he had no idea of trying to get ahead of O'Donnell's creditors, and did nothing to prevent O'Donnell's property from being distributed among the creditors; that O'Donnell did not offer any preference, or ask him to bring the suit, or talk with him at all about it, except that he consented to file an answer, doubtless to save costs of summons and attachment. The matter seems to have been left by the defendant to his attorney entirely, and without any intention whatever of securing any preference over the other creditors. Upon the showing, we cannot see that the court erred in granting a new trial. Considering all the presumptions in the case, and the testimony of the witnesses, it must be conceded the evidence is conflicting.

Order affirmed.

McKINSTRY, J., and SEARLS, C. J., concurred.