[No. 14812. . Department One. — September 26, 1892.]

CHARLES A. HASKIN, ASSIGNEE, ETC., APPELLANT, v. D. W. JAMES, RESPONDENT.

INSOLVENCY — PARTNERSHIP — TRANSFER TO INNOCENT THIRD PERSON TO SECURE PAYMENT OF SPECIFIC DEBTS — FRAUDULENT PREFERENCE — ACTION BY ASSIGNEE. — Where a transfer of property is made by a partnership to a third person for the purpose of securing him in his future payments of certain partnership obligations, in respect to which they had incurred danger of criminal prosecution, and not for any previous liability which he was under for the partnership, and it appears that the transferee did not know or have reason to believe that the firm was insolvent at the time of the transfer, or that any fraud was intended on the Insolvent Act on the part of the insolvent debtors, and that he paid full consideration for the goods transferred in good faith, he cannot be said to have accepted a preference in violation of the Insolvent Act, although the transfer was made within one month prior to a petition in insolvency by creditors of the firm, and the value of the property cannot be recovered from him in an action by the firm's assignee in insolvency.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Wilcoxon & Bouldin*, for Appellant.

*Graves & Graves*, for Respondent.

FOOTE, C. — The plaintiff, assignee of the partnership of Ward & James, insolvent debtors, brings this action against the defendant, D. W. James, to recover the value of certain property of the partnership, which it is alleged had been transferred to the defendant within one month prior to the creditors' petition in insolvency, by means

of which transfer a preference had been made, in violation of section 55 of the Insolvent Act of 1880.

The court below found against the contention of the plaintiff, and rendered judgment accordingly, from which, and from an order denying a new trial, the assignee appeals.

The findings are assailed as being contradictory and as being unsupported by the evidence.

It is claimed that in one part of the findings the court finds the defendant a creditor of the insolvents, and in another part that he is not a creditor, as meant in the Insolvent Act, and that therefore the judgment should be reversed.

We do not deem it necessary to determine that question, because, under our view of the matter, it becomes of no consequence whether the defendant, at the time the transfer was made, was or was not a creditor of the insolvent debtors.

The court finds, among other things, "that said defendant, James, did not believe, and did not have reason able cause to believe, at or before the time he took said assignment from said Ward & James, that said Ward & James were insolvent, or that said assignment was made by them with a view to prevent the property conveyed from coming into the hands of their assignee in insolvency, or to prevent the same from being distributed ratably among their creditors, or to defeat the object of the Insolvent Act, or to hinder, impede, or delay the operation of the Insolvent Act."

The transaction seems to have been one where it appears that this firm had improperly failed to account for certain money due Wells, Fargo & Co., and where they were threatened to be proceeded against criminally, and that they sought to get the defendant, who was the fa her ·of one of the partners, to become security for the payment of this money; and to secure him for that amount, and not for any previous liability which he was under for them, they made this transfer. The transfer was made, therefore, not in consideration of past indebted-

ness to the defendant, but for the purpose of securing him in his future payments of their debts. The evidence that the defendant did not know of the insolvency of the firm, or have reason to believe they were insolvent, is conflicting, but we cannot say that the court below, with the witnesses present and before it, and with an opportunity to observe their manner of testifying, was manifestly wrong in giving credence to one side rather than the other. For this reason we do not think the finding on the point above mentioned should be disturbed, and under it the defendant cannot be said to have accepted the preference in violation of the Insolvent Act. (*Bernheim* v. *Christal*, 76 Cal. 567.)

Again, the evidence and the findings show that the property transferred was worth $900, and the amount the defendant agreed to pay, and did pay afterwards for the insolvents, was $1,272.47.

As the findings show, upon sufficient evidence, that the defendant did not know or have any reason to believe a fraud was intended on the Insolvent Act on the part of the insolvent debtors, and it appears that he paid full consideration for the goods in good faith, he is not liable in this action. (*Albertoli* v. *Branham*, 80 Cal. 631; 13 Am. St. Rep. 200.)

For these reasons, we think that the judgment and order should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

GAROUTTE, J., PATERSON, J., McFARLAND, J.