[S. F. No. 63.  Department One.—March 6, 1896.]

JOHN L. MATTHEWS, ASSIGNEE, ETC., APPELLANT, *v.* FANNIE CHABOYA, RESPONDENT.

INSOLVENCY—TRANSFER OF BUSINESS BY INSOLVENT—ACTION BY ASSIGNEE — PRIMA FACIE SHOWING—REBUTTAL—CONFLICTING EVIDENCE.—The transfer of a mercantile business by an insolvent debtor to one of his creditors, in satisfaction of the debt, within one month previous to the filing of a petition in involuntary insolvency against the debtor by his other creditors, is *prima facie* evidence of fraud, and that the transferee had reasonable cause to believe the debtor insolvent; but this *prima facie* evidence may be rebutted by any competent evidence; and where the jury find that no fraud was practiced upon the provisions of the Insolvent Act upon conflicting evidence, its verdict will not be disturbed upon the ground that a *prima facie* case was made for recovery by the assignee.

ID.—INSTRUCTIONS — INTENTION OF TRANSFEREE TO DEFRAUD—HONESTY AND FAIRNESS.—Instructions that in order to entitle the assignee to recover it must appear that the defendant bought the stock of goods with intent to defraud the other creditors, and that if the conduct of the defendant can be reconciled with fairness and honesty, the jury must find

a verdict for the defendant, are prejudicially erroneous, there being no element of actual fraud necessarily involved in the case, and it being a legal fraud, in violating the provisions of section 55 of the Insolvent Act, that renders the transfer void, regardless of any question of honesty, fairness, good faith, or fraud in fact.

ID.—REASON TO KNOW INSOLVENCY—TRANSFER OUT OF USUAL COURSE OF BUSINESS.—An instruction that if the defendant at the time of the purchase of the stock of goods did not know of the insolvency of the debtor, or had reason to know the same, but was ignorant that he owed more than he could pay, the jury must find for the defendant, is erroneous in omitting to include the question of whether the transfer was made out of the usual course of business.

APPEAL from a judgment of the Superior Court of Monterey County and from an order denying a new trial. N. A. DORN, Judge.

The facts are stated in the opinion of the court.

*Alexander & Daugherty,* and *Joseph Kirk,* for Appellant.

The rule that verdicts and judgments will not be disturbed where there is a conflict of evidence, is inapplicable where it appears that the jury catches at a mere semblance of evidence. (*Thompson* v. *Thompson,* 88 Cal. 110; *Driscoll* v. *Market Street etc. Ry. Co.,* 97 Cal. 563; 33 Am. St. Rep. 203.) A creditor has reasonable cause to believe the debtor insolvent when he knows facts which would lead a prudent business man to that conclusion. (*Toof* v. *Martin,* 6 Bank. Reg. 49; 4 Bank. Reg. 488; 1 Dill. 203; 13 Wall. 40; *Buchanan* v. *Smith,* 4 Bank. Reg. 397; 7 Bank. Reg. 513; 8 Blatchf. 153; 16 Wall. 277; *Wager* v. *Hall,* 5 Bank. Reg. 181; 3 Biss. 28; 16 Wall. 584; *In re Clark,* 10 Bank. Reg. 21; *Burfee* v. *National Bank,* 9 Bank. Reg. 314; 5 Biss. 405; *Platt* v. *Stewart,* 13 Blatch. 481.) Actual knowledge by the transferee of the insolvency of the debtor is not required by the Bankrupt Act. (*Foster* v. *Hackley,* 2 Bank. Reg. 406; 2 L. T. Bank. Rep. 8; 1 Chic. L. N. 137; *Graham* v. *Stark,* 3 Bank. Reg. 357; 3 Ben. 520; *Sedgwick* v. *Sheffield,* 6 Ben. 21; *Otis* v. *Hadley,* 112 Mass. 100.) It is not in the usual course of a retail merchant's business to sell all of

his stock to one person.   (*Tapscott* v. *Lyon*, 103 Cal. 313; *Pierce* v. *Evans*, 61 Pa. St. 415; *Mayer* v. *Herrmann*, 10 Blatchf. 256.)

*S. F. Geil*, and *John J. Wyatt*, for Respondent.

GAROUTTE, J.—This is an action brought by the assignee of an insolvent debtor to set aside a transfer of certain personal property, to wit, a merchandise business, made within one month prior to the filing of a creditor's petition in insolvency.   The appeal is by the assignee from the judgment and order denying his motion for a new trial.   The defendant was a creditor of the insolvent debtor, and took a transfer of the business in satisfaction of her debt.   It is now claimed that that transfer was violative of section 55 of the Insolvent Act.

In order that plaintiff may set aside this transfer, and recover the property transferred, under the provisions of the aforesaid section, he must establish four independent facts, to wit: 1. That the transfer was made within one month of the filing of the creditor's petition in insolvency, and with a view to give a preference to defendant; 2. That the transferor was insolvent, or in contemplation of insolvency, at the date of the transfer; 3. That the transferee, the defendant, at the time, had reasonable cause to believe that the transferor was insolvent; 4. That the transferee had reasonable cause to believe that the transfer was made with a view of violating or evading one or more provisions of the Insolvent Act.

It is first claimed that the evidence is insufficient to support the verdict.   A creditor's petition for insolvency was filed within thirty days subsequent to the transfer; and it is beyond question that the transfer was made out of the ordinary and usual course of business. (*Tapscott* v. *Lyon*, 103 Cal. 313.)   The transfer having been made out of the ordinary course of business, that fact was *prima facie* evidence that it was fraudulent.

(See last clause of the aforesaid section.) And when coupled with the additional fact that it was made within one month of the filing of the petition in insolvency, a *prima facie* case for a recovery is made. For this rule of evidence declared by the section not only refers to the intent or view with which the acts are done, but assuredly covers the question of the belief of the transferee as to the debtor's insolvency. That a transfer so made gives the transferee reasonable cause to believe the debtor insolvent was held in *Ohleyer* v. *Bunce*, 65 Cal. 544; *Godfrey* v. *Miller*, 80 Cal. 420; *Chevalier* v. *Commins*, 106 Cal. 580. See, also, *Tuttle* v. *Truax*, 1 Nat. Bank. Reg. 601; *In re Dean*, 2 Nat. Bank. Reg. 89; *North* v. *House*, 6 Nat. Bank. Reg. 365. Of course this *prima facie* evidence of fraud is simply *prima facie*, and may be rebutted by any competent evidence. In this case the defendant took the stand and testified to facts which, if believed by the jury, were sufficient to create a substantial conflict in the evidence as to the practice of any fraud upon the provisions of the Insolvent Act. The jury evidently believed her statements, and found a verdict accordingly. And we are not disposed to disturb its action upon this ground. As to cases of conflicting evidence in this regard see *Bernheim* v. *Christal*, 76 Cal. 567; *Haas* v. *Whittier*, 97 Cal. 412; *Grunsky* v. *Parlin*, 110 Cal. 179. It is further insisted that it was the duty of the defendant before purchasing to make an investigation as to the financial *status* of the insolvent. Cases sometimes arise where a party is put upon inquiry to this point, but the rule is not at all universal, and the true doctrine would appear to be, Has the transferee, in view of all the surrounding circumstances, reasonable cause to believe that the debtor is insolvent at the date of the transfer?

Appellant complains of various instructions of the court given to the jury. The court told the jury: "The mere fact that, at the time the defendant purchased the stock of goods mentioned in the complaint from H. J. Hall, the said H. J. Hall was, in fact, insolvent and un-

able to pay his debts, and that a petition in insolvency was filed against him within thirty days from the date of said sale, is not sufficient alone to entitle the plaintiff to a judgment. But he must also show by a preponderance of the evidence that said Fannie M. Chaboya knew, or had reasonable cause to believe, that said H. J. Hall was insolvent, and she bought said stock of goods for the purpose of defrauding the other creditors of their debts." Aside from the last clause of this instruction, we see nothing objectionable here. Certainly all the facts therein enumerated must be proven. The court does not tell the jury what must be the particular character of evidence necessary to establish them, but that they must be established by some competent evidence cannot be questioned. As we have seen, proof that the transfer was made out of the ordinary course is, *prima facie*, sufficient to establish its fraudulent character. As a concluding portion of the instruction, the court told the jury that, in order to find for plaintiff, it must appear that the defendant bought the stock of goods for the purpose of defrauding the other creditors of their debts. We think this language is too strong and broad, and prejudicial to plaintiff. In a case like the present one there is no element of actual fraud necessarily involved. The defendant may have acted with entire honesty and good faith, as far as she was concerned, and still the transfer be void. Promptness and energy exercised by her in securing her claim may be said to be commendable, rather than fraudulent. It is a legal fraud, rather than fraud in fact, that renders the transfer void. It is fraud upon the insolvent law, rather than actual fraud practiced upon the creditors. It was not necessary for the jury to find as a fact that the defendant bought the stock for the purpose of defrauding other creditors before they were justified in declaring the transfer void by their verdict, and we hold the instruction to be erroneous.

The court further instructed the jury as follows: "If you find from the evidence that at the time the defend-

ant purchased the goods mentioned in the complaint from H. J. Hall that she did not know that said H. J. Hall was insolvent, or have reason to know the same, but, on the contrary, that she was in entire ignorance that said Hall owed more than he could pay, then, in that event her act was not fraudulent, and you must find for the defendant." We think it may be fairly said that this instruction omitted the question as to whether or not the transfer was in the ordinary course of business, and such fact was a necessary element in order that the instruction should express a perfect exposition of the law bearing upon the question. The court further told the jury: "That if, after considering all the evidence in this case, you find that the conduct of the defendant, Mrs. Chaboya, can be reconciled with fairness and honesty on her part, then you must find a verdict for the defendant." As we have had occasion to remark, this instruction is too broad, and not sound as a principle of law. Honesty and fairness, as those words are ordinarily and commonly used, are not necessarily involved in this character of litigation, and the instruction, by the most liberal view that may be taken of it, at least tended to mislead the minds of the jury. If the provisions of section 55 of the Insolvent Act are violated, the transfer is void, and this is true regardless of any question of honesty, fairness, good faith, or actual fraud.

We find no other matters in the record demanding our attention.

For the foregoing reasons, the judgment and order are reversed, and the cause remanded for a new trial.

Harrison, J., and Van Fleet, J., concurred.