[S. F. No. 1148.    Department Two.—June 21, 1899.]

RAYMOND RIEGO, Assignee, etc., Respondent, v. SAMUEL FOSTER et al., Appellants.

ACTION BY ASSIGNEE IN INSOLVENCY—EVIDENCE OF AUTHORITY.—In an action by an assignee appointed under proceedings in involuntary insolvency against a partnership, to recover property assigned by the firm, to the defendants, in violation of the insolvent act, within one month prior to the filing of the petition by the creditors, a certified copy of the assignment to the assignee is conclusive evidence of the right of the assignee to bring the action.

ID.—COLLATERAL ATTACK UPON CREDITORS' PETITION.—Where the insolvency proceedings were regular on their face, they cannot be collaterally attacked by the defendants in an action by the assignee, upon the alleged ground that the signers of the petition were not actually creditors of the insolvents in the amount required by the Insolvent Act.

ID.—ORDER STRIKING OUT ANSWER—DEFINITENESS—PRESUMPTION UPON APPEAL.—Where the motion to strike out parts of the an-

swer in such action specifically quoted all the parts of the an-
swer sought to be stricken out, and the court granted the mo-
tion as to all those parts of the answer which attack the validity
of the insolvency proceedings, and denied it otherwise, the
order, though it would be in better form if more fully identify-
ing the part stricken out, is not too indefinite to be sustained,
and it will be presumed upon appeal in favor of the judgment
that the appellants were not deceived or prejudiced by the
form of the order.

ID.—FINDINGS—CONSISTENCY—TRANSFER OUT OF USUAL COURSE OF
BUSINESS—FREEDOM FROM ACTUAL FRAUD.—A finding, based
upon an admission in the pleadings, that the transfer was not
made in the usual and ordinary course of business, and that at
the time thereof, defendants knew and had reason to believe
that the firm was insolvent, and that the transfer was being
made with intent to prefer certain creditors, represented by the
defendants, and with a view to prevent the property from com-
ing to the assignee in insolvency, et cetera, is not inconsistent
with another finding that defendants were free from actual
fraud, and believed their conduct to be lawful.

ID.—ACTUAL FRAUD IMMATERIAL.—Actual fraud is not an element
in the case; and if the provisions of the Insolvent Act are vio-
lated, the transfer is void, regardless of any question of hon-
esty and fairness, good faith, or actual fraud.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Edwin L. Forster and Albert J. Brunner, for Appellants.

A transfer out of the usual course of business is only *prima
facie* evidence of fraud, and may be rebutted. (*Matthews* v.
*Chaboya*, 111 Cal. 435, 438.) It is rebutted in this case by the
finding that "defendants were free from actual fraud, and be-
lieved their conduct to be lawful." The court cannot, under
the statute, hold the transfer void, merely because it was out
of the usual course of business. (*Matter of Muller*, 118 Cal.
432, 436; *McNeil* v. *Hansen*, 115 Cal. 214; *Cook* v. *Cockins*, 117
Cal. 140; *Bernheim* v. *Christal*, 76 Cal. 567.) A judgment
based upon contradictory findings is a "decision against law,"
requiring a new trial. (*Langan* v. *Langan*, 89 Cal. 186; 1
Hayne on New Trial and Appeal, sec. 1, p. 23.) The answer
should not have been stricken out. The rule against collateral
attack does not apply to strangers to the proceedings. (*Atkin-*

*son v. Allen,* 12 Vt. 619; 36 Am. Dec. 361; *Eureka etc. Works v. Bresnahan,* 60 Mich. 332; 1 Black on Judgments, sec. 260, p. 318; Randal's case, 2 Mod. 308.) The form of the order striking out part of the answer was too indefinite to settle the pleadings.

Barrett & O'Gara, for Respondent.

The judgment is supported by undenied allegations, regardless of the findings. (*In re Doyle,* 73 Cal. 570; *Ortega v. Cordero,* 88 Cal. 226.) The findings are not contradictory. The fraud found by finding 8 is upon the insolvent law; and actual fraud is not material, and was not in issue. (*Matthews v. Chaboya,* 111 Cal. 440.) Findings will not be declared contradictory, except where absolutely necessary. (*Schullz v. McLean,* 93 Cal. 329.) The attack in the answer upon the petition of the creditors was properly stricken out. The authority of the assignee or the existence or sufficiency of the debts of the petitioning creditors cannot be collaterally drawn in question in an action by the assignee. (Bump on Bankruptcy, 146; *Fitzgerald v. Neustadt,* 91 Cal. 600; *Livermore v. Swasey,* 7 Mass. 213; *In re Scrafford,* 14 Bank. Rep. 184; Fed. Cas. No. 12557; *Michaels v. Post,* 21 Wall. 398; *Chapman v. Brewer,* 114 U. S. 158-69; Van Fleet on Collateral Attack, sec. 532; *State v. Culler,* 18 Md. 418; *McKinney v. Crawford,* 8 Serg. & R. 351.) It must be presumed that defendants were not injured by the form of the order striking out part of the answer, they having had an opportunity to have it made more definite in the court below.

McFARLAND, J.—The plaintiff, as assignee in involuntary insolvency of Briare & Kenny, insolvent debtors, brought this action to recover the value of certain property alleged to have been assigned by said insolvents to the defendants within one month prior to the filing of the petition in insolvency, and in violation of section 59 of the Insolvent Act of 1895. Judgment went for plaintiff, and defendants appeal from the judgment.

The points made for reversal arise upon the pleadings and findings, and a short bill of exceptions showing a certain ruling of the court striking out part of the answer; no other ruling of

the court not shown by the judgment roll is before us, nor is any evidence brought up.

The petition of creditors to have the persons named declared insolvent, the decree adjudging them insolvent, and all the proceedings in insolvency down to and including the assignment by the clerk to the respondent, were regular on their face. But the appellants, in their answer in this present case, set up as a defense, among other things, that the signers of the petition were not actually creditors of the insolvents in the amount required by the act, and that therefore the proceedings were void and conferred no authority on respondent.to maintain this action. On motion of respondent, the court struck out that part of the answer, and the principal contention of appellants is that this ruling was erroneous. This contention, however, cannot be maintained. Section 22 of the Insolvent Act expressly provides that: "In suits prosecuted or defended by the assignee a certified copy of the assignment made to him shall be conclusive evidence of his authority to sue or defend.") See *Fitzgerald v. Neustadt,* 91 Cal. 600; *Luhrs v. Kelly,* 67 Cal. 289.) Moreover, on principle and under the general authorities, the judgment of an insolvent court, regular on its face, like other judgments, cannot be thus collaterally attacked. In Bump's Notes of Constitutional Decisions, ninth edition, page 545, many authorities are cited to the principle there stated, as follows: "Neither the validity of the adjudication of bankruptcy, nor the existence, sufficiency, or validity of the debt of the petitioning creditor, can be collaterally drawn in question. In all suits brought by an assignee, the assignment is conclusive evidence of his right to sue." In *Michaels v. Post,* 21 Wall. 398, the United States supreme court states the principle (we quote from the syllabus) as follows: "If, on a petition and other proceedings regular in form, a decree in bankruptcy is made in such a case, and an assignee in bankruptcy is appointed in a way regular on its face, the decree of bankruptcy, though it be a decree *pro confesso,* cannot in a suit by the assignee to recover from a preferred creditor the property transferred, be attacked on the ground that the party petitioning had released his debt, was no creditor, that his petition was accordingly fraudulent and that the decree based on it was void."

We see nothing in the point that the order of the court below, striking out part of the answer, was too indefinite. The motion to strike out specifically mentioned and quoted all the parts of the answer which respondent sought to have stricken out; and the order of the court was that the motion "be and the same is hereby granted as to all those portions of the answer which attack the validity of the insolvency proceedings referred to therein; otherwise the motion is denied." It would have been better, perhaps, if the court had in its order quoted in full the parts intended to be stricken out, or had referred to them by line and page; but it clearly indicated what was meant, and we do not see how appellants could have been deceived or prejudiced by the form of the order; and, in the absence of any showing to the contrary, we will presume in favor of the judgment that appellants were not so deceived or prejudiced.

The contention of appellants that the judgment ought to be reversed because the seventh and the eighth findings are contradictory cannot be maintained. By the eighth finding the court found that the assignment and transfer were not made in the usual and ordinary course of business, and that at the time of the assignment defendants knew and believed and had reasonable cause to know and believe that the firm was insolvent, and that the transfer was being made with intent to prefer certain creditors represented by appellants, and with a view to prevent the property from coming to the assignee in insolvency, and to delay the operations and evade the provisions of the Insolvent Act, et cetera; and appellants contend that this finding is inconsistent with the latter part of finding 7 that, "Defendants were free from actual fraud and believed their conduct to be lawful." "Actual fraud" was not an element in the case, and, "if the provisions of the Insolvent Act are violated, the transfer is void, and this is true regardless of any question of honesty and fairness, good faith or actual fraud." (*Matthews v. Chaboya*, 111 Cal. 440.) The finding of specific facts in finding No. 8 is not weakened by the finding in No. 7, touching the appellants' notion or belief as to the law. Moreover, the averments in the complaint of the facts found in finding No. 8 are not denied by the answer.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.