Petition for involuntary insolvency of respondent. The grounds alleged are sale of property by respondent, being insolvent, with intent to delay, defraud, and hinder his creditors, and a payment made in contemplation of insolvency. (Insolvency Act of 1895, sec. 9.) Verdict and judgment for respondent. The appeal is from the judgment and order denying a new trial. The grounds are insufficiency of the evidence to justify the verdict, and errors in refusing or giving instructions.
1. The only specification of insufficiency of evidence is that "the evidence is wholly insufficient to justify or sustain said verdict, and, on the contrary, the evidence shows that said verdict should have been in favor of the petitioners." This is manifestly insufficient as a specification, and the objection on the score of insufficiency of the evidence must therefore be disregarded.
2. The court, at the instance of petitioners' attorneys, gave the instruction written below, but refused other instructions.
"Where a retail merchant, when insolvent, or in contemplation of insolvency, within one month before the filing of a petition in insolvency by or against him, transfers his entire stock in trade, such transfer is out of the ordinary course of business, and if such transfer is made by him with a view to giving any creditor of the debtor, or any person holding a claim against him, a preference, such transfer, under the insolvency law of this state, is prima facie evidence of fraud."
One of the instructions refused was to the effect that "in a case like the present there is no element of actual fraud necessarily involved. The debtor may have acted with entire honesty and good faith, and still the transfer be void. The question involved is one of legal fraud rather than fraud in fact. It is fraud upon the insolvency law rather than fraud upon the creditors."
This instruction was rightly refused. The case of Matthews v.Chaboya, 111 Cal. 435, cited in support of it, was an essentially different case. There the question related to the validity of a sale under section 55 of the Insolvency Act of 1880 (corresponding to section 59 of the present act), and the suit was against the purchaser. In such case the transaction might be *Page 660 
void without actual fraudulent knowledge or intent on the part of the purchaser. Here actual fraud is necessarily involved in the charges against the respondent. This is manifestly the case with regard to the charge of "intent to hinder, delay, and defraud creditors," and equally so with regard to the charge that a payment was made "in contemplation of insolvency." To hold otherwise would be to regard the deliberate violation of the law, and of the rights of other creditors under the law, as a morally innocent act. The other instructions asked for involve each the same error.
3. In instructions 1, 3, 5, and 10 — all of which are objected to — the court in effect instructed the jury that a debtor, whether insolvent or not, might prefer any one of his creditors, provided he did not do so to hinder, delay or defraud his creditors, or in contemplation of insolvency. This is a correct statement of the law. (Civ. Code, sec. 3432; Insolvency Act of 1895, secs. 9, 59; Matter of Muller, 118 Cal. 432.
In the fourth instruction, which is also objected to, the jury were instructed that if they believed from the evidence that the respondent was not insolvent within the meaning of the insolvency law of the state at the time of the filing of the petition, and did not contemplate insolvency prior to that date, they should find in his favor; which is but a corollary from the principle stated in the instructions first above referred to, and therefore correct.
The judgment and order denying a new trial should therefore be affirmed.
Haynes, C., and Cooper, C., concurred.
For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.
Harrison, J., Van Dyke, J., McFarland, J. *Page 661