PIERRE BANKING & TRUST COMPANY, Respondent, v. WINKLER et al. (Warren, Appellant.)

(165 N. W. 2.)

(File No. 3900.   Opinion filed November 22, 1917.   Rehearing denied December 31, 1917.)

1.   **Bankruptcy—Mortgage Foreclosure of Debtor's Preferential Mortgage—Bankrupt's Trustee, Showing Want of Assets for Other Creditors, Necessity—Bankruptcy Statutes.**

Where judgment of foreclosure of defendant debtor's chattel mortgage which, if sustained as valid, would create a preference in favor of plaintiff mortgagee under Act June 25, 1910, Ch. 412, Sec. 8, 36 Stat. 840 (U. S. Comp. St. 1916, Sec. 9631), **held**, against respondent's contention that the judgment of foreclosure should be affirmed, for the reason that there is no evidence showing want of ample assets in debtor's trustee's hands to pay creditors, if any, other than respondent, that such contention is without merit; since appellant sought to prove existence of other creditors' claims; and because under said laws it is not incumbent upon a trustee in bankruptcy to prove existence of other creditors or indebtedness.

2.   **Bankruptcy—Preference—Delaying Creditors—Mortgage of Entire Stock in Trade, As Evidence of Preference, of Intent to Delay Creditors.**

The giving and receiving of a mortgage upon the whole stock in trade of debtor is an act entirely out of ordinary course of business, and almost conclusive evidence of mortgagor's intent to give, and of mortgagee to receive, a preference over other creditors, and therefore of intent of mortgagor to hinder and delay creditors other than mortgagee. Receiving such mortgage gives to mortgagee reasonable cause to believe mortgagor insolvent.

**3.    Mortgages—Chattel Mortgage on Entire Stock in Trade—Clause Permitting Sales and Requiring Account, Disregard of, Effect.**

Where a mortgagee, afterward declared bankrupt under federal laws, gave a mortgage within four months. before his adjudication as bankrupt, covering his entire stock in trade, the mortgage containing a clause permitting mortgagor to sell and dispose of the mortgaged goods in ordinary case of trade for cash, he to keep a detailed and accurate account, rendered monthly to mortgagee, when he should pay over to mortgagee the entire profits of such sales, to be credited and applied on mortgage debt, but mortgagor was allowed to handle the property as though unmortgaged, he disposing of a large part thereof and using profits as he saw fit, thus reducing the stock about two-thirds of its value; it appearing that mortgagor banked with mortgagee, made his deposits received from such profits, and checked out same regardless of the mortgage, applying no part of same thereto; held, that, although trial court might have been justified in refusing to find that either mortgagor or mortgagee acted fraudulently, it should have held that the mortgage was given with intent of debtor to hinder and delay his creditors other than mortgagee.

Smith, J., concurring specially.

Appeal from Circuit Court, Hughes County. Hon. John F. Hughes, Judge.

Action by the Pierre Banking & Trust Company, against Adolph Winkler and another, to foreclose a chattel mortgage on defendant Winkler's stock of merchandise. From a judgment for plaintiff, and from an order denying a new trial, defendant E. C. Warren, as trustee in bankruptcy of Adoph Winkler, appeals. Reversed.

*Horner, Martens & Goldsmith,* for Appellant.

*Sutherland & Payne,* for Respondent.

(1) To point one of the opinion, Respondent cited: Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229; Deland v. Miller, 119 Iowa, 368, 93 N. W. 304.

(2) To point two of the opinion, Appellant cited: Collier on Bankruptcy (9th Ed.) p. 958; Holtenbeck v. Louden (S. D.) 152 N. W. 116; In re Platts, 110 Fed. 126; Egan State Bank v. Rice, 119 Fed. 107; In re Geiver, 193 Fed. 128; Civ. Code, Sec. 3268; Remington on Bankruptcy, Sec. 1259; Grant v. Powers Dry Goods Co., 23 S. D. 206.

Respondent cited: Lane v. Starr, 1 S. D. 107, 45 N. W. 212; Meyer Boot & Shoe Co. v. Shenkberg, 11 S. D. 628, 80

N. W. 126; Red River Bank v. Barnes, 8 N. D. 432, 79 N. W. 880, 6 Cyc. 1117; First Nat. Bank v. Calkins, 12 S. D. 411, 81 N. W. 732.

WHITING, J. Plaintiff seeks to foreclose a chattel mortgage on a stock of merchandise, defendant Winkler being the mortgagor and defendant Warren the trustee in bankruptcy of the estate of the defendant Winkler. The mortgage in question was given and filed September 8, 1913, and contained the following clause:

"It is further agreed that, so long as the terms and conditions of this mortgage are kept and performed, the undersigned may retain possession of said property, and sell and dispose of the same in the ordinary course of trade, for cash; but of all such sales the undersigned shall keep a detailed and accurate account, and at the end of each month shall render to (plaintiff) an accurate account of such sales and shall, at the time of so rendering such account, pay over to said (plaintiff) * * * the entire proceeds of all such sales, to be credited and applied, as fast as paid, to the payment of the debt hereby secured, until the same shall have been fully paid and satisfied."

It appears that on June 24, 1913, Winkler being indebted to plaintiff bank in the sum of $600, the bank loaned to him $400 more, took his note for $1,000, and took a chattel mortgage on the whole of his stock of goods to secure such note; the stock of goods being represented by Winkler to be worth $1,500. The mortgage contained the same provision as in the mortgage of September 8, 1913. It was to secure a $1,000 note given in renewal of the note of June 24, that the mortgage sought to be foreclosed was given. Winkler made no appearance herein. The trustee in bankruptcy defended, alleging that the said mortgage was void as to him for the reason that it was given to hinder, delay, and defraud the creditors of the said Winkler; that it was given within four months prior to the time when the petition in bankruptcy was filed; and that the effect of sustaining such chattel mortgage would be to create a preference in favor of plaintiff. It stands conceded that both of the mortgages above referred to were given within such four-month period. The trial court found in favor of the plaintiff on the

other issues, and from the judgment of such court and an order denying a new trial this appeal was taken.

[1] Respondent contends that the judgment should be affirmed for the reason that appellant is not in a position to question the said mortgage, there being no evidence to show that there are not ample assets in the trustee's hands with which to pay the creditors of Winkler if there are any creditors other than respondent; and that the evidence fails to show that there are any other creditors. There is no merit in this contention: First, because appellant sought to prove by competent evidence the existence of other creditors and of the amount of their claims—this evidence was objected to by respondent as immaterial, which objection was sustained over appellant's exception. Second, because under the laws in relation to bankruptcy it is not incumbent upon a trustee in bankruptcy to prove the existence of other creditors or indebtedness. Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. 1916, § 9631); In re Geiver (D. C.) 193 Fed. 128; Kraver v. Abrahams (D. C.) 203 Fed. 782.

[2; 3] As above noted, the mortgage in question covered the whole of the stock of goods owned by defendant Winkler. The giving and the receiving of such a mortgage is an act entirely out of the ordinary course of business and is, as held by this court in Grant v. Dry Goods Co., 23 S. D. 195, 121 N. W. 95, almost conclusive evidence of the intent of the mortgagor to give and of the mortgagee to receive a preference over other creditors, and therefore of an intent on the part of the mortgagor to hinder and delay the creditors other than the mortgagee. The receiving of such a mortgage gives to the mortgagee reasonable cause to believe the mortgagor insolvent. Matthews v. Chaboya, 111 Cal. 435, 44 Pac. 169. Furthermore, it appears that, while the mortgage contained a clause which would render the mortgage valid on its face, the mortgagee allowed the mortgagor to handle the mortgaged property as though it were unmortgaged—to dispose of a large part thereof, to use the proceeds as he might see fit in apparently every manner except in payment of the mortgage indebtedness. It appears undisputed that this stock of goods was reduced to about one-third of the value it was represented to be when the mortgage was first given; that the mortgagor banked with the mortgagee; that he made deposits of moneys received

from the stock of goods and from other sources; and that he checked out the same exactly as though this mortgage was not in existence, applying no part of such funds to the payment of said mortgage—in other words, it appears that the mortgagor was permitted to handle this mortgaged stock of goods in a way which, if allowed by the provisions of the mortgage itself, would have rendered the mortgage void as to creditors. It follows that, although the trial court might have been justified in refusing to find that either the mortgagor or mortgagee were actuated by a fraudulent motive when giving or taking the mortgage, it should have held that the mortgage was given with the intent, on the part of the mortgagor, to hinder and delay his creditors other than this plaintiff. We would call particular attention to the opinions in Re Platts (D. C.) 110 Fed. 126, and Egan State Bk. v. Rice, 119 Fed. 107, 56 C. C. A. 157, wherein the facts were on all fours with those in this case and where it was held that such facts established an intent on the part of the mortgagor to hinder and delay his creditors other than the mortgagee.

The judgment and order appealed from are reversed.

SMITH, J. (concurring specially). I concur in the conclusion that the giving of the mortgage within four months of the filing of the petition in bankruptcy constituted a preference of plaintiff bank as a creditor which would enable plaintiff to obtain a greater percentage of its debt than other creditors of the same class, and that plaintiff had reasonable cause to believe that it was intended to give such preference. The mortgage is therefore voidable under the federal statute, at the suit of the trustee in bankruptcy. But I am not able to concur in the view, announced in the majority opinion, that the mortgage was given with an actual intent to hinder or delay the other creditors of the mortgagor. It may be, as suggested, that the manner in which the mortgaged property was handled after the giving of the mortgage could properly be considered in determining whether the mortgage was originally intended to hinder or delay other creditors. But this was a question of fact to be determined under all the evidence. Under the laws of this state, the giving of preferential security to any creditor is not unlawful, and is not in itself evidence of an intent to hinder, delay, or defraud other creditors. There is no evidence of a secret trust in this case. The mere

fact that the mortgage covered the entire stock is not in itself prima facie evidence of fraud or of an intent to hinder or delay creditors. Houck v. Christy, 152 Fed. 612, 81 C. C. A. 602. The part of the majority opinion with which I do not agree proceeds on the theory that the bank cannot concede that the giving of the mortgage constituted a preference, and at the same time deny an intent to hinder and delay other creditors—for the reason that persons must be held to have intended the natural result of their acts. Giving lawful preference with a dishonest intent might be, as stated in some decisions, evidence of an intent to hinder, delay, or defraud other creditors. But the question of intent still remains one of fact and not of law. The undisputed evidence in this case establishes the fact that there was a bona fide indebtedness to the plaintiff bank which was secured by the mortgage. There is no evidence whatever tending to show that Winkler was insolvent when the mortgage was given. Bankruptcy Act, July 1, 1898, c. 541, § 1, cl. 15 (U. S. Comp. St. 1916, § 9585); Pirie v. Chicago T. & T. Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171. Intent to hinder and delay creditors is not to be confused with intent to prefer creditors. McAtee v. Slade, 185 Fed. 442, 107 C. C. A. 512; Van Iderstine v. Nat. Dis. Co., 227 U. S. 575, 33 Sup. Ct. 343, 57 L. Ed. 652.

The intent to hinder and delay creditors is not conclusively shown when it is made to appear that the mortgagee was negligent in compelling payment of his debt, even to the extent of permitting the mortgagor to deal with the mortgaged property as his own. The indebtedness secured is shown to have been an honest one, contracted by one not insolvent at the time, to enable him to carry on his usual business, and such facts strongly tend to disprove the existence of any wrongful intent. The law does not declare that a mortgagee is bound to foreclose his mortgage or otherwise assert his contract rights under the mortgage, under legal penalty of having a court or jury declare he intended to hinder or delay other creditors when he took the security. In this case there is no question about the bona fides of the indebtedness; it is undisputed that the money was loaned to Winkler in good faith, to assist him in carrying on his business; there was no attempt to show that he was then insolvent, nor had he done any act from which insolvency might reasonably be inferred.

The trial court found as facts that the mortgage was not given with intent to hinder or delay the creditors of Winkler, but to secure an honest and bona fide indebtedness, and the undisputed evidence shows that every dollar of the loans went into the business. This finding of the trial court cannot be said to be against the preponderance of the evidence, and, under the well-settled rule in this jurisdiction, it should not be set aside or ignored, as the majority opinion appears to do. I think my view of this case is sustained by the decision of the Circuit Court of Appeals, Sixth Circuit, concurred in by Justices Lurton, Severens, and Richards, in Lansing Boiler & Engine Works v. Ryerson, 128 Fed. 701, 63 C. C. A. 253, in which the court says:

"For it is well-settled law that a conveyance made in good faith, whether for an antecedent or present consideration, is not forbidden by such statutes (subdivision 1, § 3, of the Bankruptcy Act), notwithstanding the effect may be that it hinders or delays creditors by removing from their reach assets of the debtor."

The trial court in that case had held that, because a mortgage covered the whole property of the debtor, it necessarily followed that a case was made out and that no proof of good faith could prevail against that assumption. That holding was reversed. I think the decisions cited in the majority opinion are in error in holding, in substance, that the legal effect of such a mortgage is to hinder and delay creditors. In the Platts case, however, it was shown that the mortgage was given on December 8, 1899, and the mortgagee, with knowledge that the mortgagor was disposing of the stock, withheld the mortgage from record until August 20, 1900. This fact, together with the manner in which the mortgagor dealt with the stock and proceeds of the sales, was held sufficient to prove an original intent to hinder and delay creditors. I do not presume to criticize the decision on the facts, but I challenge the correctness of the decision when it says:

"It is not probable that Platts had any intention of defrauding his creditors by any dishonest act, but, when we are called upon to determine the intent of a debtor in this kind of a case, *the debtor must be held to have intended the natural and legal result of his act; and, if his act in giving the mortgage in question did in fact operate to hinder or delay his creditors, then he*

*must be held to have intended this result."* (The italics are my own.)

This statement of the rule of law is in direct conflict with the Ryerson case, supra.