## WILLIAM A. MARTIN v. A. Y. McDONALD MANUFACTURING COMPANY.[1]

May 29, 1924.

No. 23,994.

**Creditor had reasonable cause to think debtor was giving it a preference.**
    1. Under the evidence the defendant, as a matter of law, had reasonable cause to believe, within the meaning of the bankrupt act, that a chattel mortgage and bill of sale of all the bankrupt's stock of merchandise, which it took as security or in payment of a pre-existing debt, would operate as a preference.

**Doctrine as to fair exchange of securities not applicable.**
    2. The doctrine that a fair exchange of securities is not preferential, claimed by the defendant to apply because the defendant had an inchoate mechanic's lien on property, not that of the bankrupt, for materials sold to the bankrupt, and which he used in construction work in which he was engaged, *held* without application under the facts of the case.

Action in the district court for Hennepin county to recover $3,000 for a stock of merchandise which belonged to the bankrupt. The case was tried before Salmon, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings and his motion for a new trial, were denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed.

*Kerr & Richardson*, for appellant.

*David R. Thomas* and *Selover, Schultz, Mansfield & Bryan*, for respondent.

[1]Reported in 199 N. W. 176.

DIBELL, J.

Action by William A. Martin, as trustee in bankruptcy of Newton Zeek, to avoid as preferential a chattel mortgage and bill of sale given by the bankrupt to the defendant. There was a trial to the court and judgment for the defendant. The plaintiff appeals.

1. Under section 60a of the bankrupt act a transfer by the debtor while insolvent within four months of bankruptcy, if the effect is "to enable any one of his creditors to obtain a greater percentage of his debt than any other such creditors of the same class," is preferential; and by section 60b the trustee may recover the preference or its value if the creditor or his agent acting for him "shall then have reasonable cause to believe that the enforcement of such * * * transfer would effect a preference." U. S. Comp. St. 1916, § 9644.

Zeek had a small plumbing and heating business at West Concord in Dodge county. He owed the defendant something over $900. On April 6, 1921, the defendant's credit man called upon him but was unable to get a payment. On July 6, 1921, he was again unsuccessful. At that time a chattel mortgage was taken upon all of his stock to secure three notes of $300 each, due on July 27, 1921, August 27, 1921, and September 15, 1921. A check was given for the note first due and it went to protest. The credit man went to West Concord on August 6, 1921, took a bill of sale of the property covered by the mortgage, and went into possession. Zeek filed a petition in bankruptcy on August 19, 1921, and the adjudication was on September 6, 1921.

Our most recent case involving the question of what constitutes reasonable cause to believe that a payment will operate as a preference is Hanson v. Shank, supra, page 278. There Judge Taylor said:

"Showing that the creditor had knowledge of facts sufficient to put an ordinarily prudent man upon inquiry as to his debtor's insolvency is sufficient to charge him with knowledge of the facts which such inquiry would naturally have disclosed if pursued with reasonable diligence. Galbraith v. Whitaker, 119 Minn. 447, 138

N. W. 772, 43 L. R. A. (N. S.) 427, and the numerous cases cited in the note found in 16 Ann. Cas. 826."

In this connection see 2 Collier, Bankruptcy, 1294-1315; 4 Remington, Bankruptcy, §§ 1819-1825; 3 R. C. L. 278, § 105.

The account owing the defendant was past due on April 6, 1921. Some of it had run a long while. The defendant had been unable to collect. The credit man had the bill of sale written by an attorney in West Concord. The attorney says that he told the credit man that he had a judgment for $500 against Zeek, and a number of other claims, aggregating with the judgment some $1,200, and that execution had been issued upon the judgment. He says that he told him that the bill of sale would be worthless unless he complied with the bulk sales law. The credit man says that the attorney "told me he had those claims but he did not enumerate them." He could not remember what was said about the bulk sales law but was of the impression that the attorney had advised "that he didn't think that would interfere." The validity of the bill of sale was apparently in question. There were three judgments against Zeek aggregating more than $1,000 docketed in the county. Their dates were February 5, 1921, February 21, 1921, and June 4, 1921. The credit man knew that he was dealing with a man whose business was small; that much of the account was old; that it had been hard to collect from him; that he could not pay, and that the mortgage covered the stock of merchandise without which he could not conduct his business. It was that out of which he must make his money with which to pay creditors. The giving of a chattel mortgage covering the whole stock in trade of the debtor is out of the usual course of business, is of itself evidence that he is in hard straits, suggests insolvency, and it is persuasive proof that the creditor taking the mortgage believes that he is gaining an advantage over the other creditors. In re Sutherland Co. 245 F. 663; Gering v. Leyda, 186 F. 110, 108 C. C. A. 222; McElvain v. Hardesty, 169 F. 31, 94 C. C. A. 399; Allen v. McMannes, 156 F. 615; Dokken v. Page, 147 F. 438, 77 C. C. A. 674; Pierre B. & F. Co. v. Winkler, 39 S. D. 454, 165 N. W. 2; Walbrun v. Babbitt, 16 Wall. 577, 21 L. ed. 489.

As a matter of law the defendant had reasonable cause to believe that the mortgage and bill of sale would operate as a preference. The facts in his possession were such as to incite inquiry which would have resulted in exact knowledge. In so holding we do not overlook the statement of his property and debts which the bankrupt gave the defendant on April 6, 1921.

2. The court finds that the mortgage was given "in lieu of other security claimed by defendant."

The law is that a mere exchange of securities, fairly made, is not a preference. Cook v. Tullis, 18 Wall. 332, 21 L. ed. 933; Sawyer v. Turpin, 91 U. S. 114, 23 L. ed. 235; Stewart v. Platt, 101 U. S. 731, 25 L. ed. 816; 2 Collier, Bankruptcy, 1283; 4 Remington, Bankruptcy, §§ 1658, 1703. The giving of a mortgage by an insolvent in lieu of an inchoate or vested mechanic's lien may be sustained as against a claim of preference. In re Lynn Camp Coal Co. 168 Fed. 998; Lloyd v. Sichler, 94 Wash. 611, 162 Pac. 979.

The claim of the defendant, upon which it seeks the protection of the doctrine stated, is that it sold Zeek material which was used in construction work which he was doing and upon which it had a right of lien when it took the mortgage. The evidence, as we read it, fails to show that the defendant had a lien. Again, if the defendant had a lienable claim for merchandise sold Zeek it was not against his property. The rule as to the fair exchange of securities has no application.

It is a further claim of the plaintiff that the chattel mortgage and bill of sale are void under section 67 of the bankrupt law. U. S. Comp. St. § 9651. Zeek remained in possession. The claim is that such a mortgage is fraudulent as to creditors. 1 Dunnell, Minn. Dig. § 3885, et seq., and cases cited. And the claim is that under the bulk sales law, G. S. 1913, § 7018, the bill of sale is presumptively fraudulent as to creditors. Holding the mortgage and bill of sale preferential we do not consider whether they could be sustained under section 67.

We do not discuss the defendant's claim that the complaint, concededly not a model of good pleading, is sufficient, nor its objections to the reception of evidence. The evidence was received and

the defendant is not the appellant. We do not discuss the insolvency of the bankrupt. The evidence establishes it.

Judgment reversed.